UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY BAPTISTE,

    Plaintiff,

v.

    Case Number: 8:17-cv-1403T33 AEP

DIRECT AUTOMOTIVE MANAGEMENT, INC, dba,
KUHN HONDA GROUP, .

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff was an employee of Defendant and brings this action for unpaid wages, retaliation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA").

2. Plaintiff worked for Defendant and performed related activities for Defendant in Hillsborough County, Florida.

3. Plaintiff was engaged by Defendant to work as a "lube technician" performing manual labor for Defendant's automotive retail sales business.

4. Plaintiff was paid hourly at a rate of $17.50 per hour.

5. Plaintiff's primary duty, from approximately April 5th, 2017 through May 31, 2017 was performing manual labor "lubing" cars for Defendant.

6. Defendant's withheld sizeable sums of money from Plaintiff's paycheck, alleging that Plaintiff had damaged a car on their property in the course and scope of his employment. Defendant was withholding over one-hundred and fifty dollars each

1



week, which resulted in Defendant paying Plaintiff less than the minimum wage required by law. In addition, Plaintiff routinely worked time for which he was not paid for at the correct rate of pay by Defendant. Plaintiff worked more time that what Defendant reflected on Plaintiff's paychecks. Plaintiff, on a weekly basis, worked time in excess of forty-hours a week for which Plaintiff was not properly paid. During the period of time in question, Plaintiff was not working as a flat rate mechanic, but as a lube tech who was also assigned other manual labor duties. Plaintiff was not permitted to leave the Defendant's work site during the scheduled time. There was no guarantee of any particular number of hours during any week of Plaintiff's employment with Defendant, but Plaintiff was required to be available and to work as directed for many hours more than what Defendant actually paid Plaintiff and Defendant did not pay Plaintiff at the correct rate of pay.

7. Approximately two days after objecting to Defendant's unlawful demand and deductions, Plaintiff was terminated for having complained about not being paid in accordance with the law.

8. As of this date, Plaintiff has still not been paid the entirety of his wages and has not been compensated for the full extent of his damages and wage loss under the FLSA.

9. Plaintiff's seeks full compensation, including liquidated damages, because Defendant failed to pay Plaintiff for all hours worked.

10. Defendant is a for profit corporation that operates and conducts business in, among others, Hillsborough County, Florida, and is therefore, within the jurisdiction of the Court.

11. Defendant, at all relevant times to this Complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that involved commerce and/or the movement of things and people in commerce. Defendant serves interstate customers and utilizes computers and credit cards and data transmission lines. This also would include using materials and other resources that do not originate within the State of Florida to operate its business.

12. This action is brought under the FLSA to recover from Defendant, unpaid wages in the form of minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

13. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Hillsborough County, Florida, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

14. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

15. At all material times relevant to this action, Plaintiff in his capacity as an employee was individually covered by the FLSA.

16. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions

were made by Defendant to properly pay Plaintiff for all hours worked during his employment.

17. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's true hours of work.

## COUNT I – RECOVERY OF UNPAID WAGES

18. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-17, above.

19. During his employment with Defendant, and within the last three years, Plaintiff worked hours for which he was not paid at least the minimum wage and also worked overtime hours for which he was not paid.

20. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff at least minimum wage for all hours worked, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs.

21. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid minimum wages and liquidated damages under the FLSA.

22. As a result of Defendant's intentional, willful, and unlawful acts in demanding that Plaintiff receive less than the minimum wage for all hours worked, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs.

23. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of lost wages, liquidated damages, front pay, and attorney's fees under the FLSA.

I hereby swear and affirm under penalty of perjury that the factual statements made above are true and correct under penalty of perjury.

_____

Jeffrey B. Baptiste

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial on all issues so triable.

    WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

Respectfully submitted this 31st day of May 2017,

/S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
P.O. Box 4476
Brandon, FL 33509-4476
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
*Attorney for Plaintiff*

s/ W. John Gadd
W. John Gadd
FL Bar Number 463061
Bank of America Building
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel- (727) 524-6300
Email- wjg@mazgadd.com