UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY BAPTISTE,

    Plaintiff,

v.                        Case No. 8:17-cv-1403-T-33AEP

DIRECT AUTOMOTIVE MANAGEMENT,
INC.,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion to Approve Settlement Agreement and Dismiss Case with Prejudice (Doc. # 35), which was filed on November 2, 2017. The Court grants the Motion.

**I.   Background**

Plaintiff filed this Fair Labor Standards Act case on June 13, 2017. (Doc. # 1). On July 27, 2017, the Court issued its FLSA Scheduling Order, which also referred the case to a mediation with Mark Hanley, Esq. (Doc. # 14).

Plaintiff filed Answers to the Court's Interrogatories on August 7, 2017. (Doc. # 16). Defendant filed an Answer to the Complaint on August 8, 2017, filed an Amended Answer on August 23, 2017, and filed a Verified Summary on August 22, 2017. (Doc. # 22). The parties reached a mediated settlement with Mark Hanley, Esq. on October 10, 2017. (Doc. # 29). At the Court's direction, the parties have filed a Motion for Court approval of their settlement. (Doc. # 35).

## II. Analysis

Plaintiff alleges that Defendants violated the overtime provisions of the Fair Labor Standards Act. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Plaintiff will receive $200.00 for unpaid wages and $200.00 for liquidated damages. It has also been agreed that Plaintiff's counsel will receive $3,400.00 in attorney's fees and costs.

In the Motion, the parties represent that the attorney's fees to be paid to counsel were negotiated separately and without regard to the amount to be paid to Plaintiff for alleged FLSA violations. Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] The settlement is fair on its face and

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his

represents a reasonable compromise of the parties' dispute.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The parties' Joint Motion to Approve Settlement Agreement and Dismiss Case with Prejudice (Doc. # 35) is **GRANTED**.

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE.**

(3) The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of November, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.